# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5459 | **DATE** | 12/30/2002 |
| **CASE TITLE** | Calvin Horne, Jr. vs. The Belt Railway Co. of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Belt Railway's motion in limine to exclude evidence (10-1) is granted. Belt Railway's motion in limine (11-1) is denied. Belt Railway's motion in limine (12-1) is granted and motion (13-1) is denied in its entirety. Horne's motion in limine to bare an reference to collateral source benefits is granted. (14-1) Horne's motion in limine to bar statements (15-1) is also granted. Horne's motion to bar any witness is denied. (16-1) Horne's motion to bar (16-1) is also granted. Horne's motions in limine (18-1 and 19-1) are also granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 3 1 2002 date docketed | 24 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/30/2002 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN HORNE, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 5459 |
| | ) | |
| THE BELT RAILWAY COMPANY | ) | Judge Shadur |
| OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

At the same time that this Court approved the parties' jointly-submitted Final Pretrial Order ("FPTO") to ready this action for trial, it established a schedule for the litigants' submission of motions in limine and their responses to those motions. Counsel for Belt Railway Company of Chicago ("Belt Railway") complied with that time table by submitting four such motions, while counsel for Calvin Horne, Jr. ("Horne") did not. Now Horne's counsel has both (1) tendered responses to Belt Railway's motions and (2) belatedly offered up some motions on Horne's behalf (as had been telegraphed by an October 23, 2002 letter from Horne's counsel). This memorandum opinion and order will address all of the motions (although the rulings on Horne's motions are necessarily tentative in nature).

## Belt Railway's Motions

Belt Railway first seeks to exclude evidence as to any of Horne's medical expenses that it has borne (Dkt. No. 10-1). Horne agrees to such exclusion, while reserving the right to introduce evidence as to any <u>unpaid</u> medical expenses and as to the cost of any reasonable expenses found to be necessary in the future. Belt Railway's motion is therefore granted, subject to those limitations.

Belt Railway next seeks to invoke Fed. R. Evid. ("Evid. Rule") 407 to bar testimony as to its spreading of new ballast in the area of the railroad yard where Horne claims he was injured (Dkt. No. 11-1). That is simply nonsense, for Horne's claim is that the very reason for his fall was the assertedly negligent action of Belt Railway in having left a mound of ballast that was part of a previously undertaken resurfacing project. That scenario does not at all present the "subsequent remedial measures" prohibition addressed by Evid. Rule 407. Hence Belt Railway's motion is denied.

Next Belt Railway moves to exclude any evidence of undisclosed recent medical examinations of Horne unless Belt Railway has first been provided with the appropriate records and an opportunity to depose the doctor or doctors involved (Dkt. No. 12-1). Horne agrees, saying that such handling is entirely consistent with what the parties have done up to now.

2

Accordingly Belt Railway's motion is granted in those terms.

Finally, Belt Railway seeks to bar the introduction of opinion testimony by Stanley Hunton ("Hunton") and Robert Missun ("Missun") (Dkt. No. 13-1). To that end Belt Railway seeks to invoke the principles announced in Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579 (1993), although of course the types of knowledge and experience at issue here make the more recent decision in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) the definitive authority.

It is regrettable that Belt Railway's counsel have chosen to substitute contumely regarding Hunton and his opinions for any reasoned analysis in this area. By contrast, Horne's response has amply demonstrated the legitimacy of Hunton's credentials and methodology (which have previously been found reliable and approved by two District Judges and two Magistrate Judges in this District). As for the credentials of economist Missun, no such criticism has been voiced by Belt Railway.

It seems that Belt Railway takes picks primarily with the numbers that Horne's two witnesses had come up with earlier: numbers that were based on information that has since been better refined from the production of figures by Belt Railway itself. Indeed, Belt Railway's cavils regarding Hunton appear to be subject to the same criticism that caused our Court of Appeals to reject another defendant's challenge to the selfsame witness'

testimony in Kossman v. Metra, 211 F.3d 1031, 1038 (7th Cir. 2000). Because Belt Railway's attack is not solidly grounded in the Daubert-Kuhmo canon in terms of the current opinions sought to be presented by Horne, this motion by Belt Railway is denied in its entirety

## Horne's Motions

As stated earlier, Horne's motions in limine have just come in, much later than this Court had ordered. But because the nature of the brief motions is such that any dispute would seem unlikely, this opinion will rule on them conditionally at this point, while granting leave to Belt Railway to object to the rulings. Here they are:

1. Horne seeks to bar any reference to collateral source benefits, a concept based on well-established law. Except to the extent that there may be a future dispute as to what items would come under that rubric, the motion is granted.

2. Horne next seeks to bar any statements or evidence or opinions not yet disclosed by Belt Railway. That is of course why a FPTO is generated after discovery has been closed: to provide the game plan for trial. That motion is also granted.

3. In like manner, Horne seeks to bar any witness from employing any demonstrative or physical evidence in the jury's presence until this Court has ruled on its admissibility and has determined that it is not unduly prejudicial. That global motion

is denied, for the subject is better dealt with on an individualized basis during the trial itself.

4. Horne also seeks to bar the introduction of testimony of any undisclosed fact witness. Again that is one of the basic reasons for an FPTO. That motion is granted as well.

5. That same ruling applies to any undisclosed documents. So Horne's motion in that respect is also granted.

6. Finally, this Court grants Horne's motion to bar non-party witnesses from the courtroom. One obvious exception is made: Belt Railway may designate a corporate representative to sit at its counsel's table.

If Belt Railway has any problem with any of these conditional rulings, it is granted until January 13, 2003 to file its objections in this Court's chambers (with a copy of course being transmitted to Horne's counsel).

                                       Milton I. Shadur
                                       Senior United States District Judge

Dated: December 30, 2002